UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 3:12-cr-00183 |
| | ) | Judge Trauger |
| MONICO SANDERS | ) | |

### ORDER

Pending before the court are the Defendant's *pro se* Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) & (c) (Docket No. 39), and the Government's Response (Docket No. 44).

Through the Motion, the Defendant seeks a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment has been given retroactive effect. U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify
> a term of imprisonment once it has been imposed except that--

* * *

> (2) in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged in a Superseding Indictment with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924 (Count One); using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and two counts of drug trafficking, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Four). (Docket No. 14).

The Defendant pled guilty, before now-retired Judge John T. Nixon, to Count Three. (Docket Nos. 25, 27). Through the Plea Agreement, the parties estimated the advisory guideline sentence to be the minimum term of imprisonment required by statute, 120 months, and agreed to a sentence of 144 months. (Docket No. 27, at 13). The Government further agreed that, after the imposition of sentence, it would move to dismiss the remaining charges at sentencing. (Id., at 8). At the subsequent sentencing hearing, Judge Nixon imposed the agreed 144-month sentence, and

dismissed Counts One, Two, and Four. (Docket Nos. 30, 31, 32). The record reveals that no appeal was taken.

The Defendant was not convicted of, nor sentenced for, any drug trafficking offenses. The drug trafficking offenses charged in the Superseding Indictment were dismissed at sentencing. Consequently, Amendment 782's two-level decrease to the drug trafficking sentencing guideline does not result in a lower guideline range for the Defendant, and 18 U.S.C. § 3582(c)(2) does not permit a reduction in his sentence. Accordingly, the Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) & (c) (Docket No. 39) is DENIED.

It is so **ORDERED.**

ENTER this 13th day of November 2017.

  _____
  ALETA A. TRAUGER
  U.S. District Judge